IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NORTHERN DISTRICT OF TEXAS
FILED

JAN 1 5 2021

CLERK, U.S. DISTRICT COURT

By_____
Deputy

| | |
|---|---|
| FRANCES MEDELLIN, | § |
| | § |
| Movant, | § |
| | § |
| VS. | § NO. 4:20-CV-1171-A |
| | § (NO. 4:19-CR-153-A) |
| UNITED STATES OF AMERICA, | § |
| | § |
| Respondent. | § |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Frances Medellin,
movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct
sentence. The court, having considered the motion, the
government's response, the record, including the record in the
underlying criminal case, No. 4:19-CR-153-A, and applicable
authorities, finds that the motion should be denied, except that
a hearing should be conducted as to the ground that movant's
counsel failed to file a notice of appeal after having been
instructed to do so.

I.

Background

The record in the underlying criminal case reflects the
following:

On May 17, 2019, movant was named in a one-count
information charging her with possession with intent to

distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). CR Doc.[1] 17. On June 5, 2019, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 20. Movant and her attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 22. They also signed a waiver of indictment. CR Doc. 21. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant

---

[1] The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-153-A.

understood the meaning of everything in it and the stipulated facts were true. CR Doc. 38.

The probation officer prepared the PSR, which reflected that movant's base offense level was 34, as the offense involved at least 10,000 kilograms but less than 30,000 kilograms of converted drug weight. CR Doc. 25, ¶ 19. She received a two-level enhancement for possession of a firearm. Id. ¶ 20. She received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 26, 27. Based on a total offense level of 33 and a criminal history category of V, movant's guideline imprisonment range was 210 to 262 months; however, the statutorily authorized maximum sentence was 20 years, so the guideline imprisonment range became 210 to 240 months. Id. ¶ 105. Movant filed objections, CR Doc. 35, and the probation officer prepared an addendum to the PSR. CR Doc. 28. By order signed November 18, 2019, the court cautioned movant that, except to the extent accepted by the probation officer, the objections asserted by movant to the PSR were without merit. In particular, the court gave notice that it had tentatively concluded that a sentence of 240 months' imprisonment would be necessary for the court to properly take into account the factors the court was to consider under 18 U.S.C. § 3553(a). CR Doc. 30.

On November 22, 2019, the court sentenced movant to a term of imprisonment of 240 months. CR Doc. 33. At the conclusion of the sentencing hearing, the court advised movant of her right to appeal. CR Doc. 39 at 13-14. Movant and her attorney signed a notice of right to appeal conviction and sentence after sentence has been imposed. CR Doc. 32. Movant did not appeal.

II.

Grounds of the Motion

Movant asserts four grounds in support of her motion, worded as follows:

> Ground One: Defendant's attorney failed to file notice of appeal.

> Ground Two: Defendant was a career criminal and enhanced so incorrectly.

> Ground Three: The cap on defendant's sentence was 20 years. Defendant's attorney told defendant and her family she would do no more than 10 years if she signed plea.

> Ground Four: Defendant's sentencing judge was suffering from Alzheimer's disease at the time of her sentencing and feels that if her judge was not suffering from the disease at that time. [sic]

Doc.[2] 1 at 7-8.

---

[2] The "Doc. ___" reference is to the number of the item on the docket in this civil action.

III.

Applicable Legal Standards

A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a

defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the <u>Strickland</u> test. <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In her first ground, movant alleges that her attorney failed to file a notice of appeal even though she had instructed him to do so. The government concedes that a hearing will be required on this ground.

In her second ground, movant alleges that she should not have been sentenced as a career offender. In support, she cites to a Sixth Circuit case, <u>United States v. Harris</u>, arguing that her "enhancement was from an attempt crime." Doc. 1 at PageID[3] 15. The record reflects that movant was not sentenced as a career criminal. CR Doc. 25, ¶ 25.

In her third ground, movant alleges that her attorney told her she would "do no more than 10 years if she signed plea."

---

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because additional unnumbered pages were attached to the typewritten form used by movant in filing her motion.

Doc. 1 at 7. In support, she alleges that her attorney provided misguided information. Id. Movant makes no attempt to show that but for counsel's errors she would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58 (1985). She has not come forward with evidence to prove the exact terms of the alleged promise to her, exactly when and where the promise was made, and the precise identity of an eyewitness to the promise. United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1988). Movant's allegation that she relied on a promise of a ten year sentence is belied by the record. Her sworn testimony in open court that she understood the sentence she faced, that her sentence could not be determined until the PSR had been prepared, and that no one had made any promise or assurance of any kind to induce her to plead guilty is entitled to a presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Finally, in her fourth ground, movant makes the conclusory allegation that the undersigned was suffering from Alzheimer's at the time of sentencing. She says the matter was brought to her attention by another inmate. Doc. 1 at 8. The ground is patently frivolous. Miller, 200 F.3d at 282.

V.

<u>Order</u>

The court ORDERS that the relief sought in grounds two, three, and four of movant's motion be, and is hereby, denied.

The court further ORDERS that a hearing be conducted as to ground one of the motion, as set forth in a separate order signed this date.

SIGNED January 15, 2021.

JOHN McBRYDE
United States District Judge

9